**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Andres HERNANDEZ–VARGAS, Defendant–Appellant.**

**No. 09–30336.**

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 13, 2010.*

Filed July 15, 2010.

Helen J. Brunner, Esquire, Annette L. Hayes, Michael Edward Scoville, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Eric Michael Fong, Rovang Fong & Associates, Port Orchard, WA, for Defendant–Appellant.

Before: RYMER and N.R. SMITH, Circuit Judges, and WALTER, Senior District Judge.**

### MEMORANDUM ***

Andres Hernandez–Vargas appeals his conviction for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). We affirm the district court's denial of Hernandez–Vargas's motion to suppress.

1. At the time of the seizure, the officers had received a tip from a reliable confidential informant and had corroborated that tip; this constitutes probable cause. *United States v. Trejo–Zambrano*, 582 F.2d 460, 463 (9th Cir.1978).

2. The officers did not exceed the scope of the search permissible, because the officers could search the vehicle "as thorough[ly] as a magistrate could authorize in a warrant particularly describing the place to be searched." *United States v.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

*Ross,* 456 U.S. 798, 800, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (internal quotation marks omitted).

3. Hernandez–Vargas's comments made to Officer Wheeler are admissible, because they were voluntarily made during a routine traffic stop. *Berkemer v. McCarty,* 468 U.S. 420, 438–41, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

Assuming without deciding that Hernandez–Vargas's subsequent comments to Officer Burns and Agent Grimm were taken in violation of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), we find such error "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *see, e.g., United States v. Butler,* 249 F.3d 1094, 1101 (9th Cir.2001) (holding improper admission of comments harmless because of overwhelming evidence of guilt.)

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.